UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John William Wallace, | Case No. 2:24-cv-02108-JAD-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Close Legal Description, | |
| Defendant. | |

On January 10, 2025, the Court ordered Plaintiff to either pay the filing fee or apply to proceed in forma pauperis (meaning without paying the filing fee). The Court gave Plaintiff until February 10, 2025, to comply. The Court sent the order to Plaintiff, but his mail was returned as undeliverable. So, on January 28, 2025, the Court ordered Plaintiff to update his address and gave him until February 27, 2025, to do so. *See* Nevada Local Rule IA 3-1.[1] In both of its orders, the Court explained that Plaintiff's failure to comply could result in the Court dismissing his case. Plaintiff missed the February 27, 2025, deadline.

On May 5, 2025, the Court entered an order giving Plaintiff one final opportunity to either pay the filing fee or file an application to proceed *in forma pauperis* and one final opportunity to update his address. (ECF No. 9). The Court explained that "[f]ailure to do so will result in the dismissal of Plaintiff's case without prejudice."[2] (*Id.*). To date, Plaintiff has neither paid the

---

[1] This refers to the Local Rules for the United States District Court for the District of Nevada. These rules can be found online at https://www.nvd.uscourts.gov/court-information/rules-andorders/.

[2] This case was previously assigned to the magistrate judge consent program. (ECF No. 3). However, Defendant has not appeared in this case and so, has not consented to the jurisdiction of the magistrate judge. Because all defendants, even unserved defendants, must consent before a magistrate judge can issue dispositive orders—such as an order dismissing the case—the Court has randomly assigned this case to a district judge and the undersigned magistrate judge issues this decision as a recommendation. *See* 28 U.S.C. § 636; *see Branch v. Umphenour*, 936 F.3d

filing fee nor filed an application to proceed *in forma pauperis* and has not updated his address. Plaintiff did file a document on the docket titled "amended complaint" on May 16, 2025. (ECF No. 10). But that document is comprised of what appears to be multiple addresses and an advertisement. (*Id.*).

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with this Court's order and has not taken any further action in this case since May 16, 2025, the Court recommends dismissal of Plaintiffs' case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with Court orders or further participate in this lawsuit impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with Court orders, update his address, or prosecute this action. The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, the Court has no less drastic sanctions when Plaintiff has not complied with prior Court orders. Given Plaintiff's failure to comply with Court orders—including a Court order for Plaintiff to pay the filing fee or apply to proceed without doing so—monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff chooses not to follow Court orders. The fifth factor thus weighs in favor of dismissal.

---

994, 1005 (9th Cir. 2019) (explaining that "Section 636(c)(1)…requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge").

1  **IT IS THEREFORE RECOMMENDED** that this case be **dismissed without**
2  **prejudice.**

3  <u>**NOTICE**</u>

4  Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be
5  in writing and filed with the Clerk of the Court within fourteen (14) days after service of this
6  Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has
7  been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474
8  U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that
9  (1) failure to file objections within the specified time and (2) failure to properly address and brief
10 the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
11 issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);
12 *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v.*
13 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

15  DATED: August 20, 2025

    _____
    DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE