UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John William Wallace,<br><br>　　　Plaintiff<br><br>　　v.<br><br>Close Legal Description,<br><br>　　　Defendant | Case No. 2:24-cv-02108-JAD-DJA<br><br>**Order Adopting Report and Recommendation and Dismissing Case**<br><br>ECF No. 13 |

On 8/20/25 the magistrate judge entered this report and recommendation [13]:

　　On January 10, 2025, the Court ordered Plaintiff to either pay the filing fee or apply to proceed in forma pauperis (meaning without paying the filing fee). The Court gave Plaintiff until February 10, 2025, to comply. The Court sent the order to Plaintiff, but his mail was returned as undeliverable. So, on January 28, 2025, the Court ordered Plaintiff to update his address and gave him until February 27, 2025, to do so. *See* Nevada Local Rule IA 3-1.[1] In both of its orders, the Court explained that Plaintiff's failure to comply could result in the Court dismissing his case. Plaintiff missed the February 27, 2025, deadline.

　　On May 5, 2025, the Court entered an order giving Plaintiff one final opportunity to either pay the filing fee or file an application to proceed *in forma pauperis* and one final opportunity to update his address. (ECF No. 9). The Court explained that "[f]ailure to do so will result in the dismissal of Plaintiff's case without prejudice."[2] (*Id.*). To date, Plaintiff has neither paid the

---

[1] This refers to the Local Rules for the United States District Court for the District of Nevada. These rules can be found online at https://www.nvd.uscourts.gov/court-information/rules-andorders/.

[2] This case was previously assigned to the magistrate judge consent program. (ECF No. 3). However, Defendant has not appeared in this case and so, has not consented to the jurisdiction of the magistrate judge. Because all defendants, even unserved defendants, must consent before a magistrate judge can issue dispositive orders—such as an order dismissing the case—the Court has randomly assigned this case to a district judge and the undersigned magistrate judge issues this decision as a recommendation. *See* 28 U.S.C. § 636; *see Branch v. Umphenour*, 936 F.3d

filing fee nor filed an application to proceed *in forma pauperis* and has not updated his address. Plaintiff did file a document on the docket titled "amended complaint" on May 16, 2025. (ECF No. 10). But that document is comprised of what appears to be multiple addresses and an advertisement. (*Id.*).

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with this Court's order and has not taken any further action in this case since May 16, 2025, the Court recommends dismissal of Plaintiffs' case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with Court orders or further participate in this lawsuit impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with Court orders, update his address, or prosecute this action. The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, the Court has no less drastic sanctions when Plaintiff has not complied with prior Court orders. Given Plaintiff's failure to comply with Court orders—including a Court order for Plaintiff to pay the filing fee or apply to proceed without doing so—monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff chooses not to follow Court orders. The fifth factor thus weighs in favor of dismissal.

---

994, 1005 (9th Cir. 2019) (explaining that "Section 636(c)(1)…requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge").

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.**

### ORDER

The deadline for any party to object to this recommendation was 9/3/2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation [**ECF No. 13] is ADOPTED** in its entirety, and **THIS CASE IS DISMISSED** for the reasons stated in the report and recommendation. The Clerk of Court is directed to **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 5, 2025